UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL BROWN | : | PRISONER CASE NO: |
| | : | 3:09-cv-2117 (JCH) |
| v. | : | |
| | : | MAY 29, 2012 |
| WARDEN MURPHY | : | |

**RULING ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 21] and PETITIONER'S MOTION FOR DEFAULT [Doc. No. 17]**

Petitioner Marshall Brown, an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for attempted murder, kidnapping in the first degree and carrying a pistol without a permit. Pending are the petitioner's Motion for Default for failure to plead and the respondent's Motion to Dismiss for failure to exhaust state court remedies. For the reasons that follow, the petitioner's Motion is denied, and the respondent's motion is granted.

I.  Motion for Default

The court's Order to Show Cause required the respondent to file a response to the petition on or before February 3, 2012. When the respondent failed to meet this deadline, the petitioner filed a Motion for Default for failure to plead. In response, the respondent filed an appearance, an objection to the petitioner's Motion and a Motion to Dismiss the petition for failure to exhaust state court remedies with regard to all grounds for relief.

The petitioner seek entry of default as a preliminary step to obtaining a default

judgment pursuant to Rule 55(b), Fed. R. Civ. P.  Default judgments, however, are disfavored in habeas cases.  Unlike other civil cases, entry of default judgment in a habeas case would affect the public at large by releasing or requiring the retrial of a prisoner who "in all likelihood [was] duly convicted."  Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.) (holding that entry of default judgment without a consideration of the merits of a habeas petition is inappropriate), cert. denied, 469 U.S. 874 (1984).  Accordingly, the Motion for Default is denied.

In addition, even if default were appropriate, the petitioner's Motion should be denied.  The Second Circuit has expressed its preference that cases be decided on the merits, see, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), rather than by default which should be used "only in extreme situations and then only when a court finds willfulness, bad faith, or any fault by the non-compliant party." Ho v. Target Construction of NY, Corp., No. 08-CV-4750(KAM)(RER), 2010 WL 2292202, at *3 (E.D.N.Y. June 3, 2010) (citations omitted).  In light of this preference and the fact that the respondent has responded by filing a Motion to Dismiss in response to the Order to Show Cause, the Motion for Default should be denied.

II.     Motion to Dismiss

The petitioner assert three grounds for relief: (1) the information filed against the petitioner was duplicitous in violation of his right to notice of the crimes charged against him; (2) the trial court improperly instructed the jury on the element of intent; and (3) trial counsel was ineffective.  The respondent moves to dismiss the petition on the ground that the petitioner did not exhaust his state court remedies with regard to the second and third grounds for relief.

A.     Procedural Background

The petitioner was convicted, following a jury trial, of two counts of attempt to commit murder, two counts of kidnapping in the first degree and one count of carrying a pistol without a permit.  On February 23, 2004, he was sentenced to a total effective term of imprisonment of thirty-six years.  The petitioner raised two claims on direct appeal: the information was duplicitous and the trial court improperly instructed the jury on the element of intent.  The Connecticut Appellate Court affirmed the petitioner's conviction.  See State v. Brown, 97 Conn. App. 837, 907 A.2d 118 (2006).  The petitioner sought certification from the Connecticut Supreme Court only on the claim of duplicitous charges.  See Resp't's Mem. App. F.  The Connecticut Supreme Court denied certification on November 26, 2006.  See State v. Brown, 280 Conn. 944, 912 A.2d 477 (2006).

While the direct appeal was pending, the petitioner commenced a state habeas action, alleging ineffective assistance of both trial counsel and appellate counsel.  Following a trial on the merits, the state court denied the petition.  See Brown v. Warden, State Prison, No. CV04-4540, 2007 WL 1828882 (Conn. Super. Ct. June 7, 2007).  The Connecticut Appellate Court dismissed the appeal, and the petitioner did not file a petition for certification to the Connecticut Supreme Court.  See Brown v. Commissioner of Correction, 111 Conn. App. 904, 959 A.2d 1093 (2008).

On October 21, 2009 and December 10, 2009, the petitioner filed his second and third state habeas actions.  See Brown v. Warden, State Prison, No. CV10-4003302, and Brown v. Warden, State Prison, No. CV10-4003303.  The state court consolidated the actions.  Although both actions remain pending, the state court referred one claim to

3

the trial court, which vacated the petitioner's kidnapping convictions in January 2012. The state has decided not to retry the petitioner and the kidnapping charges were dismissed.

On December 18, 2009, the petitioner mailed his federal habeas petition to the court. In March 2010, the court dismissed the petition on the ground that the petitioner failed to exhaust his state court remedies. See Doc. No. 7. The petitioner filed, and then withdrew, an appeal of that decision. See Doc. No. 11.

In May 2010, the petitioner filed a motion in state court for leave to file a late petition for certification regarding his first state habeas action. See Resp't's Mem. App. L. The Connecticut Supreme Court denied that motion on December 8, 2011. Resp't's Mem. App. M. On December 21, 2011, the petitioner filed a motion to reopen this case. The court granted the motion to reopen and issued an order to show cause why the Petition should not be granted.

### B. Standard of Review

Before filing a petition for writ of habeas corpus in federal court, the petitioner must exhaust his state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

### C. Discussion

The petitioner filed two motions to reopen this case. The first motion was

denied, the second granted. The petitioner attached a proposed amended petition to his first motion to reopen but not the second. Since the first motion was denied, the proposed amended petition was not docketed and is not the operative petition in this case. However, in ruling on the Motion to Dismiss, the court has reviewed the proposed amended petition and considered the claims in both the original and proposed amended petitions. The respondent concedes that the petitioner has exhausted his state court remedies with regard to the first ground for relief. Thus, the court need address only the second and third grounds.

In both the original and proposed amended petitions the petitioner argues in his second ground for relief that the trial court improperly instructed the jury on the element of intent. He raised this issue on direct appeal before the Connecticut Appellate Court. See Resp't's Mem. App. B. The petitioner did not, however, include this ground for relief in his petition for certification to the Connecticut Supreme Court. See Resp't's Mem. App. F. Thus, the claim is not exhausted.

The petitioner's third claim is that trial counsel was ineffective. With regard to a claim of ineffective assistance of counsel, all of the allegations must have been presented to the state courts to allow those courts "the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole." Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original). Thus, the petitioner must present all of the examples of ineffective assistance to the state courts. Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised of "both the factual and legal premises" of

the federal claim. Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).

In his amended state habeas petition, the petitioner set forth six examples of ineffective assistance of trial counsel. He argues that trial counsel failed to: (1) investigate possible exculpatory evidence or witnesses indicating that the victim possessed the weapon; (2) investigate whether there were any other exculpatory witnesses or evidence; (3) introduce into evidence the statement of Officer Rivard; (4) introduce into evidence the statement of Officer Hall; (5) adequately cross-examine all of the state's witnesses; and (6) introduce into evidence the statements of certain of the state's witnesses. He also alleged that appellate counsel failed to raise all issues on appeal and failed to adequately brief the issues raised on appeal. See Resp't's Mem. App. H at 5-6, 7. On direct appeal, the petitioner altered the claims and argued that trial counsel was ineffective because he did not hire an investigator, failed to present testimony from several individuals identified to counsel by the petitioner and failed to investigate the petitioner's claim that the a drug dealer possibly supplied the gun to the victim. See Resp't's Mem. App. I at 12-13.

In his motion to file a late petition for certification, the petitioner contends that the Connecticut Appellate Court improperly determined that trial counsel was not ineffective when counsel failed to adequately present or argue exculpatory evidence. Specifically, the petitioner sought review only of claims that trial counsel failed to investigate whether the petitioner knew that the gun was inoperable, thereby negating the required intent, and failed to adequately cross-examine all of the state's witnesses. See Resp't's Mem. App. L at 4-5.

In his original federal petition, the petitioner alleges that trial counsel was

ineffective because he failed to retain an investigator, subpoena certain witnesses, and investigate the actual incident. Pet. (Doc. No. 1) at 9. In the proposed amended petition, the petitioner asserts the six examples of ineffective assistance of trial counsel presented in his pretrial brief filed in the state habeas action. See Doc. No. 12-1 at 89. Although two claims of ineffective assistance of appellate counsel are listed, the petitioner has crossed out the discussion section of the brief relating to ineffective assistance of appellate counsel. Id. at 96. Thus, the court concludes that the petitioner does not intend to assert a claim of ineffective assistance of appellate counsel in this action.

      To have properly exhausted his claims, the petitioner must have presented the factual and legal basis for his claims to the state court. The petitioner correctly argues that he has presented the legal basis for his claims--the Sixth Amendment right to counsel--to the state courts. He has not, however, presented the Connecticut Supreme Court with the factual basis for his claims. The motion for permission to file a late petition for certification does not include the examples of ineffective assistance of counsel included in either the original federal petition or the proposed amended petition.

      The petitioner refers the court to Satterlee v. Wolfenbarger, 453 F.3d 362 (6th Cir. 2006), for the proposition that new factual evidence does not fundamentally alter an ineffective assistance of counsel claim. See Doc. No. 23 at 7. The petitioner's argument is incorrect. In Satterlee, the court was considering a claim that counsel was ineffective for failing to relay a favorable plea offer a week before trial. The additional evidence was another offer on the morning of trial. 453 F.3d at 365-66. Although a second example was offered, it still concerned the same claim– that trial counsel was

ineffective for failing to relay favorable plea offers. See id. at 366, n. 2. Here, however, the facts concern completely different claims of ineffective assistance. Whether counsel investigated the petitioner's knowledge that the gun was inoperable was not raised in the lower courts, and the claims raised in the lower courts are not included in the motion to file a late petition for certification. Thus, the petitioner has not exhausted his ineffective assistance of counsel claims.

The petitioner argues that the court should excuse any failure to exhaust state court remedies because he no longer has any available remedy in the state courts to obtain review of his claims. The petitioner is mistaken. He currently has two pending state habeas petitions. The petitioner could file another state habeas action or amend one of the pending petitions to include the unexhausted claims or pursue a claim that counsel in the first state habeas action was ineffective for failing to properly assert and exhaust his claims.

Because two of the three grounds for relief are not exhausted, this is a mixed petition. Federal district courts are required to dismiss mixed petitions. See Pliler v. Ford, 542 U.S. 225, 230 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)). In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the habeas corpus statutes to impose a one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). The combined effect of the limitations period and the requirement that mixed petitions be dismissed can result in the petitioner's loss of all of his claims, including those for which he has exhausted his state remedies, because the limitations period may expire while the petitioner returns to state court to pursue his state court remedies on the unexhausted claims. To address this problem, the Second Circuit

directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having the exhausted claims addressed by the federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

After Zarvela was decided, the Supreme Court considered the stay and abeyance approach to dealing with mixed petitions. See Rhines v. Weber, 544 U.S. 269 (2005). The Court noted that frequent use of the stay and abeyance procedure would undermine AEDPA's purposes of encouraging finality and streamlining federal habeas proceedings. Encouraging finality would be frustrated by permitting a petitioner to delay resolution of federal habeas proceedings while he returns to state court. Streamlining federal habeas proceedings would be frustrated by decreasing a petitioner's incentive to exhaust all state remedies before filing a federal petition. Thus, the Court stated that stay and abeyance should be available only in limited circumstances where the petitioner can present good cause for failing to exhaust state remedies and the unexhausted claims are meritorious. In addition, if a court decides not to stay the case and a future petition may be time-barred, the court should permit the petitioner to withdraw the unexhausted claims and proceed only on the exhausted claims. Id. at 277-78.

Here, the petitioner abandoned his claim regarding jury instructions on direct appeal and had one opportunity to exhaust his claims of ineffective assistance of trial counsel. Thus, it appears unlikely that he will be able to demonstrate good cause for his failure to exhaust his state court remedies. As the respondent explains, however,

the petitioner still has almost two months of the limitations period remaining and has pending state habeas actions. Outright dismissal of this action will not prevent him from filing another federal habeas action after he completes the exhaustion process so long as he acts diligently. Thus, a stay is not warranted.

III.     Conclusion

The petitioner's Motion for Entry of Default [**Doc. No. 17**] is **DENIED**. The respondent's Motion to Dismiss [**Doc. No. 21**] is **GRANTED**. The petitioner may file a new federal habeas corpus action after he exhausts his state court remedies on all grounds for relief.

Because reasonable jurists would not find it debatable that petitioner failed to exhaust his state court remedies, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 29th day of May 2012, at Bridgeport, Connecticut.

                                             /s/ Janet C. Hall
                                            Janet C. Hall
                                            United States District Judge